UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACIE FISH,

        Plaintiff,                          Hon. Phillip J. Green

v.                                         Case No. 1:20-cv-0143

ANDREW SAUL, Commissioner of
Social Security,

        Defendant.
_____/

## MEMORANDUM OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act.   Finding legal error, and for the reasons set forth below, the Court will vacate the Commissioner's decision and remand this matter for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and

whether there exists in the record substantial evidence supporting that decision.   *Id.* at 224-25.   Substantial evidence is "more than a mere scintilla.   It means such relevant evidence as the reasonable mind might accept as adequate to support a conclusion"   *Richardson v. Perales*, 402 US 389, 401 (1971).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility.   *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017).   The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.   *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018).   This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.   *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

On November 22, 2016, Plaintiff filed an application for disability benefits, alleging disability beginning March 30, 2010.   The claim was denied initially on April 19, 2017.   A hearing was held before Administrative Law Judge (ALJ) Amy Rosenberg on August 24, 2018, at which Plaintiff and a vocational expert testified. ALJ Rosenberg issued a written decision on January 28, 2019, finding that Plaintiff was not disabled.   (ALJ Op. at 9, ECF No. 13-2, PageID.52).   The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final

2

decision in the matter.   Plaintiff timely filed this action seeking judicial review of the Commissioner's decision.

Plaintiff last met the insured status requirements on December 31, 2015.   (*Id.*, PageID.47).   She was 53 years of age as of that date.   (*Id.*, PageID.50).   She completed high school and previously worked as a store laborer, a shipping clerk, and a janitor.   (*Id.*).

ALJ Rosenberg determined that Plaintiff suffers from: (1) hypothyroidism; (2) vertigo; and (3) degenerative disc disease, severe impairments that, whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.   (*Id.*, PageID.47).   The ALJ determined that, as of the date last insured, Plaintiff had a residual functional capacity (RFC) to perform light work, with the following non-exertional limitations:   "[Plaintiff] could occasionally climb ramps and stairs, but could not climb ladders, ropes, or scaffolds. She could occasionally balance, stoop, kneel, crouch, and crawl.   She could not work at unprotected heights and could not operate heavy moving machinery."   (*Id.*, PageID.48).

ALJ Rosenberg found that Plaintiff was unable to perform her past relevant work (*Id.*, PageID.50), at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs that Plaintiff can perform, her limitations notwithstanding.   *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313,

315 (6th Cir., Jan. 7, 2020).   In satisfying this burden, the ALJ may rely on a vocational expert's testimony.   *Ibid*.

In this case, a vocational expert testified that, given Plaintiff's age, education, work experience, and RFC, she would be able to perform the following occupations: office helper (approximately 114,000 jobs nationally), marker (approximately 162,000 jobs nationally), and information clerk (approximately 57,000 jobs nationally).   (ALJ Op., PageID.51).   This represents a significant number of jobs.   *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").   Accordingly, ALJ Rosenberg concluded that Plaintiff was not entitled to benefits.   (ALJ Op., PageID.52).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.   *See* 20 C.F.R. § 404.1520(a-f).   If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.   *See* 20 C.F.R. § 404.1520(a).   The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining her RFC.   *See* 20 C.F.R. § 404.1545.

Plaintiff bears the burden to demonstrate that she is entitled to disability benefits, and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful

4

employment existing in significant numbers in the national economy.   *See* 42 U.S.C. § 423(d)(2)(A).   While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her RFC is determined.   *O'Neal*, 799 Fed. Appx. at 315-16.

## I.   The ALJ's RFC Assessment violates Res Judicata Principles

Prior to initiating the present claim for disability benefits, Plaintiff pursued an earlier application, which was denied by a different ALJ on August 21, 2014.   (*See* ALJ Op., PageID.44).   The alleged onset date of the present claim, March 30, 2010, predates the prior decision.   Having found no good cause to warrant re-opening the August 21, 2014, decision, ALJ Rosenberg noted that she considered the present application only for the unadjudicated period of August 22, 2014, through the date of last insured, December 31, 2015.   (*Id.*).

Plaintiff argues, among other things, that she is entitled to relief on the ground that ALJ Rosenberg erroneously applied res judicata principles in adopting the August 21, 2014, RFC findings.   The Court agrees.   To place Plaintiff's argument in the proper context, and to illustrate the error in ALJ Rosenberg's analysis, a brief history of how the Sixth Circuit has applied the concept of res judicata in Social Security cases is necessary.

The issue of whether or when a subsequent ALJ must follow findings made by a prior ALJ was addressed by the Sixth Circuit in *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990) and *Drummond v. Commissioner of*

5

*Social Security*, 126 F.3d 837 (6th Cir. 1997), as well as by the Social Security Administration in Acquiescence Rulings 98-3(6) and 98-4(6). The Sixth Circuit more recently revisited this line of authority in *Earley v. Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018).

### A. *Dennard v. Secretary of Health and Human Services*

Donald Dennard filed an application for benefits that was eventually denied on the ground that, while he could no longer perform his past relevant work, he retained the ability to perform sedentary work, which existed in significant numbers. *Dennard*, 907 F.2d at 598-99. Dennard later submitted another application for benefits. This latter application was denied by an ALJ on the ground that Dennard *could* perform his past relevant work. *Id.* at 599. An appeal of this decision to federal district court was unsuccessful. The Sixth Circuit reversed the district court, and ordered that the matter be remanded for further consideration. *Id.* at 600. Specifically, the court held that the latter ALJ was estopped, on res judicata grounds, from contradicting the prior determination that Plaintiff was unable to perform his past relevant work. *Id.*

### B. *Drummond v. Commissioner of Social Security*

Grace Drummond filed an application for benefits that was denied based on a finding that, while she could no longer perform her past relevant work, she could perform sedentary work, which existed in significant numbers. *Drummond*, 126 F.3d at 838. Drummond later filed another application for benefits, which was

denied based on the finding that she retained the ability to perform medium work. *Id.* at 838-39.   After unsuccessfully appealing the matter in federal district court, Drummond pursued the matter in the Sixth Circuit.   *Id.* at 839-40.   Based, in part, on the *Dennard* decision, the *Drummond* court held that, "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances."   *Id.* at 840-42.   Thus, if an earlier ALJ makes a finding regarding a claimant's RFC, a later ALJ is bound by that RFC determination absent evidence to the contrary.   *See, e.g., Gay v. Commissioner of Social Security*, 520 Fed. Appx. 354, 356 (6th Cir., Apr. 2, 2013).

C.     Acquiescence Rulings 98-3(6) and 98-4(6)

Finding that *Dennard* and *Drummond* conflicted with Social Security policy, the Social Security Administration issued Acquiescence Rulings 98-3(6) and 98-4(6). *See* Acquiescence Ruling (AR) 98-3(6), 1998 WL 274051 (Soc. Sec. Admin., June 1, 1998); Acquiescence Ruling (AR) 98-4(6), 1998 WL 274052 (Soc. Sec. Admin., June 1, 1998).   With respect to how *Dennard* and *Drummond* differed from Social Security policy, the Social Security Administration observed:

> Under SSA policy, if a determination or decision on a disability claim has become final, the Agency may apply administrative res judicata with respect to a subsequent disability claim under the same title of the Act if the same parties, facts and issues are involved in both the prior and subsequent claims. However, if the subsequent claim involves deciding whether the claimant is disabled during a period that was not adjudicated in the final determination or decision on the prior claim, SSA considers the issue of disability with respect to the unadjudicated period to be a new issue that prevents the application of administrative

res judicata. Thus, when adjudicating a subsequent disability claim involving an unadjudicated period, SSA considers the facts and issues de novo in determining disability with respect to the unadjudicated period.

AR 98-3(6), 1998 WL 274051 at 29771; AR 98-4(6), 1998 WL 274052 at 29773.

To resolve the conflict between Sixth Circuit authority and Social Security policy, the Social Security Administration concluded that it would apply *Dennard* and *Drummond* within the Sixth Circuit, as follows:

When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators *must adopt* such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period *unless* there is *new and material evidence* relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

AR 98-3(6), 1998 WL 274051 at 29771; AR 98-4(6), 1998 WL 274052 at 29773 (emphasis supplied).

In other words, the Social Security Administration adopted, with respect to applications brought within the geographic territory of the Sixth Circuit, the holdings in *Dennard* and *Drummond*.

D.   *Earley v. Commissioner of Social Security*

In 2012, an ALJ denied Sharon Earley's application for disability benefits finding that she retained the ability to perform a limited range of light duty work. *Earley*, 893 F.3d at 930.   Earley subsequently submitted another application for benefits, which was likewise denied based on Earley's failure to provide "new and material evidence of a changed circumstance," as required by *Drummond*.   *Earley*, 893 F.3d at 931.   Earley appealed the matter to federal court, resulting in a decision that the preclusion rule articulated in *Drummond* applied only if it benefited the claimant.   *Earley*, 893 F.3d at 931.   The matter was appealed to the Sixth Circuit, which took the opportunity to explicitly reexamine the *Drummond* decision.

Observing that "[u]nusual facts . . . led to some overstatement in *Drummond*," the court nevertheless concluded that "*Drummond* correctly held that res judicata may apply to administrative proceedings." *Earley*, 893 F.3d at 933.   Thus, if a claimant files a second application covering the same period of time, res judicata properly applies absent good cause to revisit the earlier determination.   As the court further recognized, however, res judicata has no application where a claimant files a subsequent application seeking benefits for a distinct period of time.   Accordingly, "[w]hen an individual seeks disability benefits for a distinct period of time, each application is entitled to review."   *Ibid.*

The court was careful, however, to make clear that "[f]resh review is not blind review."   *Id.* at 934.   Thus, while an ALJ evaluating a subsequent application for benefits may not be bound to follow a previous determination, she may nevertheless

"consider what an earlier judge did if for no other reason than to strive for consistent decision making." *Ibid.* Accordingly, "it is fair for an [ALJ] to take the view that, absent new and additional evidence, the first [ALJ's] findings are a legitimate, albeit not binding, consideration in reviewing a second application." *Id.* at 933. In sum, *Earley* stands for the proposition that, when an ALJ evaluates a subsequent application for benefits, covering a distinct period of time, the ALJ can properly consider a previous ALJ's RFC assessment and errs only when she considers the previous RFC a mandatory starting point for the analysis. *See, e.g., Dunn v. Commissioner of Social Security*, 2018 WL 4574831 (W.D. Mich., Sept. 25, 2018); *Brent v. Commissioner of Social Security*, 2018 WL 5118598 (E.D Mich., Aug. 21, 2018); *Arendt v. Commissioner of Social Security*, 2019 WL 1058263 (N.D. Ohio, Mar. 6, 2019).

The relevant question in this case, therefore, is whether ALJ Rosenberg merely considered the previous RFC assessment as part of her analysis or as a mandatory starting point for such. A review of ALJ Rosenberg's decision indicates that the latter is true.

With respect to the previous RFC, ALJ Rosenberg stated that she had "considered . . . the previous administrative finding in rendering [her] decision. . . . [and that she had] taken into account all applicable rules and regulations, as well as all new and material evidence, with regard to this consideration." (ALJ Op., PageID.44) (citing the *Dennard*, *Drummond*, and *Earley*, decisions, as well as

Acquiescence Rulings 98-3(6) and 98-4(6)).   This statement appears to be consistent with the guidance in the *Earley* decision.

But the ALJ then stated:   "while my findings are slightly different from the prior decision, I *adopt* the residual function capacity from the prior ALJ affirmative decision, as discussed herein."   (*Id.*) (emphasis supplied).   This statement raises two troubling issues.   First, the statement suffers from an apparent inconsistency by noting both new findings but the same RFC.   To be sure, while the two RFC findings are phrased somewhat differently, they are substantively identical. (*Compare* ECF No. 13-2, PageID.48 (current RFC) *with* ECF No. 13-3, PageID.122 (August 21, 2014, RFC)).[1]   This begs the question of what RFC "findings" differ from the previous one.   Unfortunately, ALJ Rosenberg does not provide an answer to that question.

Second, and more significantly, ALJ Rosenberg makes repeated reference to having "adopted" the August 21, 2014, RFC.   (*See id.*, PageID.44, 49, 50).   The use of that term, in itself, does not establish that the ALJ considered the previous RFC as a mandatory starting point of her analysis.   But, she also noted that there was nothing in the evidence post-dating the August 21, 2014, decision that "supports a significantly greater degree of limitation than those reflected in the prior affirmative

---

[1] The August 21, 2014, ALJ opinion defined Plaintiff's RFC as follows:   "[Plaintiff] has the residual function capacity to perform a range of light work . . . with no climbing of ladders, ropes, or scaffolds; with no more than occasional balancing, stooping, kneeling, crouching, crawling, or climbing of ramps or stairs; and with no use of moving machinery or exposure to unprotected heights."   (ECF No. 13-3, PageID.122).

decision." (ALJ Op., PageID.49-50). This suggests that the ALJ was following the old, abandoned *Drummond* standard by which an ALJ was bound by a previous RFC determination "absent changed circumstances." *Drummond*, 126 F.3d at 840-42. This was error, and the ALJ "should have another opportunity to review the application under the correct standard." *Earley*, 893 F.3d at 934.

II.    <u>Remand is Appropriate</u>

While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [his] entitlement to benefits." *Faucher v. Secretary of Health and Human Serv's*, 17 F.3d 171, 176 (6th Cir. 1994); *see also, Brooks v. Commissioner of Social Security*, 531 Fed. Appx. 636, 644 (6th Cir., Aug. 6, 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also, Brooks*, 531 Fed. Appx. at 644. Evaluation of Plaintiff's claim requires the resolution of factual disputes, which this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, the undersigned recommends that this matter be remanded for further administrative action.

## **CONCLUSION**

For the reasons stated herein, the Commissioner's decision will be vacated and this matter remanded for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).   A separate Judgment consistent with this opinion will issue.

Date: August 28, 2020                            /s/ Phillip J. Green

PHILLIP J. GREEN
United States Magistrate Judge